UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

IN RE

JOSE DE JESUS ZEPEDA

DEBTOR

CHAPTER 7

CASE NO. 18-23696

JUDGE: Robert D. Drain

MOTION DATE: March 8, 2019

MOTION TIME: 10:00 AM

### AFFIRMATION IN SUPPORT OF ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Nicole DiStasio, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an associate with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for Deutsche Bank National Trust Company, as Trustee for HSI Asset Loan Obligation Trust 2007-1 ("Movant"), a secured creditor of Jose De Jesus Zepeda ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d)(1) and (2).

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

18-076815

4. Movant is a Secured Creditor of the Debtor pursuant to a Consolidation Extension Modification Agreement ("Consolidation Agreement") executed by Debtor and non-filing co-borrower Javier Munguia (the "Co-Borrower") on February 16, 2007, whereby Jesus Zepeda and Javier Munguia promised to repay the principal amount of $510,000.00 plus interest to HSBC Mortgage Corporation (USA) (the "Consolidated Note"). To secure the repayment of the Consolidated Note, Jesus Zepeda and Javier Munguia granted Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation a mortgage, which was duly recorded as part of the Consolidation Agreement in the Westchester County Clerk's Office on March 26, 2007 in Control Number 470750327, (the "Consolidated Mortgage", the Consolidation Agreement, Consolidated Note and Consolidated Mortgage, collectively, as the "Loan"), encumbering real property located at 119 Church Street, New Rochelle, NY 10805 (the "Property"). The Note and Mortgage were transferred from Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA) to Deutsche Bank National Trust Company, Trustee Mortgage Pass Through Certificates, Series 2007-1, and said transfer was memorialized by an Assignment of Mortgage executed on April 24, 2014 and recorded May 5, 2014 in Control Number 541153043 (the "First Assignment of Mortgage"). The Note and Mortgage were subsequently transferred from Deutsche Bank National Trust Company, Trustee Mortgage Pass Through Certificates, Series 2007-1 to Nationstar Mortgage LLC, and said transfer was memorialized by an Assignment of Mortgage executed on August 1, 2017 and recorded August 3, 2017 in Control Number 572153289 (the "Second Assignment of Mortgage"). The Note and Mortgage were subsequently transferred to Movant, and said transfer was memorialized by an Assignment of Mortgage executed on November 27, 2018 and recorded November 28, 2018 in Control Number 583323318 (the "Third Assignment of Mortgage"). A

18-076815

copy of the Consolidation Agreement, including the Consolidated Note and Consolidated Mortgage and the Assignments of Mortgage are annexed hereto as **Exhibit "A"**.

5. Upon information and belief, the Debtor herein own(s) the Property.

6. Debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on or about November 1, 2018.

7. According to the Debtor's Statement of Intention, the Debtor intends to surrender the property. A copy of the Debtor's Chapter 7 Statement of Intentions is annexed hereto as **Exhibit "B"**

8. The Mortgage was in default on the day the Debtor filed this bankruptcy. Based upon said default, Movant initiated foreclosure proceedings in the Supreme Court of the State of New York, County of Westchester, under index number 50005/2016. A Summons and Complaint were filed on January 4, 2016. Copies of the Summons and Complaint are annexed hereto as **Exhibit "C"**. The filing of the instant bankruptcy stayed said action.

9. Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan. As a result, the Mortgage remains due for the December 1, 2013 payment and each subsequent payment thereafter.

10. The amount of delinquency due as of November 8, 2018 under the Mortgage is as follows:

| | |
|---|---:|
| 53 Defaulted Monthly Payments at $4,228.65 each (December 2013 through April 2018) | $224,118.45 |
| 2 Defaulted Monthly Payments at $4,938.94 each (May 2018 through June 2018) | $9,877.88 |
| 5 Defaulted Monthly Payments at $4,854.74 each (July 2018 through November 2018) | $24,273.70 |
| NSF Check Charges | $40.00 |
| Fees & Costs Due (Lump Sum) | $10,797.50 |
| Total Delinquencies | $269,107.53 |

18-076815

11. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "D"**. Since the drafting of the Motion the December 1, 2018 payment has become due.

12. Moreover, in view of the total debt due to Movant and in light of the Debtor's failure to make payments, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(1).

13. As set forth in the Affidavit, as of November 8, 2018, the approximate debt due and owing to Movant equals $689,889.66. The debt is accruing interest at a rate of 6.5% per annum.

14. Based upon the Debtor's Schedule D, the Property has an estimated fair value of approximately $500,000.00. A copy of Debtor's Schedule D is annexed hereto as **Exhibit "E"**. As indicated in paragraph 13 herein above, the total debt to Movant equals $689,889.66. As such, there is no dispute that the debt due to the Movant exceeds the value of the Property. By the Debtor's own valuation, the estate has no equity in the Property sought to be foreclosed. Accordingly, relief from the automatic stay is also warranted under 11 U.S.C. § 362(d)(2).

15. Movant, according to the laws of the State of New York and the terms and conditions of the Mortgage, desires to continue and/or commence foreclosure proceedings with respect to the Property.

16. The Debtor, Co-Borrower, Debtor's Attorney, the Chapter 7 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

17. No prior application has been made for the relief requested herein.

18-076815

18. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. §§ 362(d)(1) and (2) as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:   December 13, 2018
         Rochester, New York

/s/ *Nicole DiStasio*
Nicole DiStasio
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for Deutsche Bank National Trust Company, as Trustee for HSI Asset Loan Obligation Trust 2007-1
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

18-076815